## In re: RBS WORLDPAY, INC., CUSTOMER DATA SECURITY BREACH LITIGATION

### Keith Irwin, et al. v. RBS Worldpay, Inc., N.D. Georgia, C.A. No. 1:09–33

### Jacqueline Lewis–Griffin v. RBS WorldPay, Inc., N.D. Ohio, C.A. No. 1:09–274.

### MDL No. 2035.

United States Judicial Panel on Multidistrict Litigation.

June 9, 2009.

JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Common defendant RBS Worldpay, Inc. (RBSW) has moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the Northern District of Georgia. This litigation currently consists of two actions one action pending in the Northern District of Georgia, and one action pending in the Northern District of Ohio. Responding plaintiffs in the Northern District of Georgia action do not oppose centralization.

After considering the argument of counsel, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions involve allegations stemming from an unauthorized intrusion into RBSW's computer system. As a result of that intrusion, various personal information (including Social Security numbers) of more than one million holders of gift cards and payroll cards was allegedly compromised. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of Georgia is an appropriate transferee district for pretrial proceedings in this litigation. Because RBSW is headquartered in Atlanta, a significant amount of discovery is likely to take place in that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the Northern District of Ohio action is transferred to the Northern District of Georgia, and, with

the consent of that court, assigned to the Honorable Charles A. Pannell, Jr., for coordinated or consolidated pretrial proceedings with the action pending in that district.